IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARE JONES, JR., | 1:09-cv-1532-BAK-SMS (HC) |
| Petitioner, | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA |
| vs. | |
| K. HARRINGTON, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, the petitioner is challenging a conviction from San Diego County, which lies within the jurisdiction of the United States District Court for the Southern District of California. Therefore,

-1-

-2-

1  the petition should have been filed in the United States District Court for the Southern District of
2  California.  In the interest of justice, a federal court may transfer a case filed in the wrong district to the
3  correct district.  See 28 U.S.C. § 1406(a);  Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).
4       Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
5  District Court for the Southern District of California.

7  IT IS SO ORDERED.

8  **Dated:   September 8, 2009**             /s/ **Sandra M. Snyder**
                                                     UNITED STATES MAGISTRATE JUDGE